**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CIV-MARRA**

**07-60316**

MAGISTRATE JUDGE
JOHNSON

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 28 PENSION FUND Derivatively on Behalf of Nominal Defendant CITRIX SYSTEMS INCORPORATED | ) ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| ROGER W. ROBERTS, EDWARD E. IACOBUCCI, KEVIN R. COMPTON, STEPHEN M DOW, ROBERT N. GOLDMAN, GREGORY B. MAFFEI, | ) ) ) ) ) ) |
| Defendants, | ) ) ) |
| and | ) ) |
| CITRIX SYSTEMS, INC., | ) ) ) |
| Nominal Defendant. | ) ) |

## VERIFIED DERIVATIVE COMPLAINT

Plaintiff, by its attorneys, submits this Verified Derivative Complaint (the "Complaint") against the defendants named herein.

## NATURE OF THE ACTION

1.      This is a shareholder's derivative action brought for the benefit of nominal defendant Citrix Systems, Inc. ("Jabil" or the "Company") against certain members of its Board of Directors (the "Board") and certain of its executive officers seeking to remedy defendants' violations of federal and state law, including breaches of fiduciary duty, abuse of control,

1

constructive fraud, corporate waste, unjust enrichment and gross mismanagement. Defendants' violations arise from a scheme whereby defendants allowed senior Citrix executives to divert millions of dollars of corporate assets to themselves via the manipulation of grant dates associated with stock options granted to Citrix insiders. Each of the defendants also failed to seek disgorgement of the senior insiders' illegally obtained compensation.

2.       In breach of their fiduciary duties as officers and/or directors of Citrix, the Individual Defendants (as defined herein) conspired with one another to improperly backdate their awards of stock options. "Backdating" refers to the intentional setting of a grant date that precedes the actual date of the corporate action that effected the grant, in order to achieve a lower option exercise price and hence a higher value to the recipient. Backdating results in an option already being "in the money" at the time of the grant. This improper practice not only violated Company policy, but caused Citrix to improperly account for the backdated options in violation of Generally Accepted Accounting Principles ("GAAP") and to file false financial statements with the SEC.

3.       As a result of the Individual Defendants' misconduct, Citrix has sustained millions of damages in damages, while the recipients of the backdated stock options have reaped millions of dollars in unlawful profits.

. 4.       On January 23, 2007, the Company filed a Form 8-K filing with the SEC, indicating that they had commenced a review of Cirix's stock options. The 8-K stated:

> During the quarter, the Audit Committee of the company's Board of Directors began a voluntary review of the company's historical stock option granting practices and the related accounting. This voluntary review was initiated in light of news about the option practices of numerous companies across several industries and not in response to any governmental investigation, whistleblower complaint or inquiries from media organizations. The Audit Committee has engaged independent outside legal counsel to conduct the review.

Because this review is ongoing, the company has not yet determined if it will need to record any non-cash adjustments to compensation expense related to prior stock option grants, making today's results preliminary. Specifically, the company does not know whether any such non-cash compensation charges would affect the preliminary financial results for the fourth quarter ended December 31, 2006 or the full year 2006 being announced today, or would be deemed material and require the company to restate previously issued financial statements or would require an adjustment to the retained earnings balance on the company's balance sheet. If any such charges are required, Citrix will also need to determine the impact of this matter on its system of internal controls.

5.        On March 2, 2007, defendants filed a notification with the Securities and Exchange Commission indicating that the Company will miss its filing deadline for its Annual Report on Form 10-K because of an ongoing stock options investigation. *The Company admitted that "the investigation has thus far identified errors in connection with stock option grants issued by Citrix during the period from 1996 through 1998.*"

## JURISDICTION AND VENUE

6.        The claims asserted herein arise under §14(a) of the Exchange Act, 15 U.S.C. §78n(a), and under state law for breach of fiduciary duty, abuse of control, constructive fraud, corporate waste, gross management and unjust enrichment. In connection with the acts, conduct and other wrongs complained of herein, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, the United States mail and the facilities of a national securities market. Sheetmetal Workers Local 28 Pension Fund is, and was at all relevant times, a shareholder of nominal defendant Citrix.

7.        This Court has subject matter jurisdiction pursuant to §27 of the Exchange Act, 15 U.S.C. § 78aa, as well as 28 U.S.C. §1331. This Court also has supplemental jurisdiction over the

3

state law claims asserted herein pursuant to 28 U.S.C § 1367.   The action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have.

## PARTIES

1.      Sheet Metal Workers Local 28 Pension Fund is and at all relevant times was a, shareholder of nominal defendant Citrix.

8.      Nominal defendant Citrix is a Delaware corporation with its principal executive offices located at 851 West Cypress Creek Road, Fort Lauderdale, Florida 33309.   Citrix engages in the design, development, and marketing of technology solutions that enable on-demand access to information and applications in the United States. It offers infrastructure software and services for applications and online services.

2.      Defendants Roger W. Roberts, Edward E. Iacobucci, Kevin R. Compton, Stephen M. Dow, Robert N. Goldman and Gregory B. Maffei served as Directors of Citrix during the relevant time period.  Additionally, defendants Compton and Goldman served on Citrix's Audit Committee from 1996-2001.  Defendant Maffei served on the Company's Audit Committee during 1996.   Defendants Compton and Dow served on the Company's Compensation Committee from 1996-2001, the period in which Citrix has already admitted to making "errors" in the backdating of options.

9.      Collectively, the defendants listed in the paragraph above are referred to herein as the "Individual Defendants."

## DUTIES OF THE INDIVIDUAL DEFENDANTS

10.      By reason of their positions as officers and/or directors of the Company and because of their ability to control the business and corporate affairs of the Company, the Individual

Defendants owed the Company and its shareholders the fiduciary obligations of good faith, trust, loyalty, and due care, and were and are required to use their utmost ability to control and manage the Company in a fair, just, honest, and equitable manner.

11.     The Individual Defendants, because of their positions of control and authority as directors and/or officers of the Company, were able to and did, directly and/or indirectly, exercise control over the wrongful acts complained of herein.

12.     To discharge their duties, the officers and directors of the Company were required to exercise reasonable and prudent supervision over the management, policies, practices and controls of the Company. By virtue of such duties, the officers and directors of the Company were required to, among other things:

    a.    exercise good faith in ensuring that the affairs of the Company were conducted in an efficient, business-like manner so as to make it possible to provide the highest quality performance of its business;

    b.    exercise good faith in ensuring that the Company was operated in a diligent, honest and prudent manner and complied with all applicable federal and state laws, rules, regulations and requirements, including acting only within the scope of its legal authority;

    c.    exercise good faith in supervising the preparation, filing and/or dissemination of financial statements, press releases, audits, reports or other information required by law, and in examining and evaluating any reports or examinations, audits, or other financial information concerning the financial condition of the Company;

    d.    exercise good faith in ensuring that the Company's financial statements were prepared in accordance with GAAP; and

    e.    refrain from unduly benefiting themselves and other Company insiders at the expense of the Company.

5

3.      Defendants breached their duties of loyalty and good faith by allowing or by causing the Company to represent its financial results, and by failing to prevent the defendants from taking illegal actions.  As a result, Citrix will expend significant sums of money such as: (a) illegally paid executive compensation; (b) increased capital costs as a result of the loss of market capitalization and the Company's damaged reputation; (c) costs incurred to carry out internal investigations; and (d) incurring possible IRS penalties for improperly reporting compensation.

4.      The Individual Defendants were responsible for maintaining and establishing adequate internal accounting controls for the Company and to ensure that the Company's financial statements were based on accurate financial information.  According to GAAP, to accomplish the objectives of accurately recording, processing, summarizing, and reporting financial data, a corporation must establish an internal accounting control structure.  Among other things, the Individual Defendants were required to:

(1)    make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer; and

(2)    devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that –

(a)    transactions are executed in accordance with management's general or specific authorization;

(b)    transactions are recorded as necessary to permit preparation of financial statements in conformity with [GAAP].

## AIDING AND ABETTING AND CONCERTED ACTION

13.      In committing the wrongful acts alleged herein, defendants have pursued a common course of conduct and acted in concert with one another in furtherance of their common plan.

14.     During all times relevant hereto, defendants collectively and individually initiated a course of conduct which was designed to and did: (i) conceal the fact that the Company was allowing its directors and senior officers to divert material amounts of money to insiders and was misrepresenting its financial results; (ii) maintain defendants executive and directorial positions at Citrix and the benefits associated with those positions; (iii) deceive the investing public regarding Citrix's compensation practices and Citrix's financial performance.

15.     The purpose and effect of defendants' common course of conduct was, among other things, to disguise defendants' violations of law, breaches of fiduciary duty, abuse of control, gross mismanagement, corporate waste and unjust enrichment, to conceal adverse information concerning the Company's operation and financial condition and to artificially inflate the price of Citrix stock so they could dispose of millions of dollars of their own Citrix stock.

16.     Defendants accomplished their common enterprise and/or common course of conduct by causing the Company to purposefully and/or recklessly engage in the option backdating scheme alleged herein and misrepresent Citrix's financial results. Each of the defendants was a direct, necessary and substantial participant in the common enterprise and/or common course of conduct complained of herein.

17.     Each of the defendants aided and abetted and rendered substantial assistance in the wrongs complained of herein. In taking such actions to substantially assist the commission of the wrongdoing complained of herein, each of the Defendants acted with knowledge of the primary wrongdoing, substantially assisted the accomplishment of that wrongdoing, and was aware of his or her overall contribution to and furtherance of the wrongdoing.

## FACTUAL ALLEGATIONS

7

18.     At all times relevant hereto the Compensation Committee approved grants under and supervised the administration of the Company's stock option plans.  For example, according to the Company's Proxy filed on April 4, 1997, the following stock options were granted :pursuant to the Corporation's 1995 Stock Plan: (1) Roberts – 100,000 shares; (2) Iacobucci – 100,000 shares; (3) Michael E. Passaro (President of Worldwide Sales and Services) – 25,000 shares; (4) Bruce C. Chittenden (Vice President, Engineering) – 50,000 shares; (5) Mark B. Templeton (Vice President, Marketing) – 50,000 shares.

19.     The Proxy emphasized that stock option grants were granted at an exercise price equal to the fair market value of the common stock, stating:

> When establishing stock option grant levels for executive officers, the Compensation Committee considered the existing levels of stock ownership, previous grants of stock options, vesting schedules of previously granted options and the current stock price. ***Options granted in fiscal 1996 were granted at an exercise price per share equal to the fair market value of the Common Stock[1]***, as determined by the Compensation Committee. The Compensation Committee reviews option grants to executive officers on an annual basis and considers the level of outstanding options as a factor in its determinations with respect to overall compensation for each of the executive officers.

20.     Pursuant to APB 25, the applicable GAAP provision at the time of the foregoing stock option grants, if the market price on the date of grant exceeds the exercise price of the options, the company must recognize the difference as an expense.

21.     At the behest of the Individual Defendants, the stock option grants were improperly backdated to make it appear as though the grants were made on dates when the market price of Citrix stock was lower than the market price on the actual grant dates.  This improper backdating, which violated the terms of the Company's stock option plans, resulted in option

---

[1] Emphasis added.

grants with lower exercise prices, which improperly increased the value of the options to the recipients and improperly reduced the amounts they had to pay the Company upon exercise of the options.

**Dissemination of False Financial Statements**

22.     As a result of the improper backdating of stock options, the Company, with the knowledge, approval, and participation of each of the Individual Defendants,

      a.     violated the terms of the Company's shareholder-approved stock option plans;

      b.     violated GAAP by failing to recognize compensation expenses incurred when the improperly backdated options were granted;

      c.     produced and disseminated to Citrix shareholders and the market false financial statements that improperly recorded and accounted for the backdated option grants.

23.     Furthermore, from at least 1996 to 1998, the Company, with the knowledge, approval, and participation of each of the Individual Defendants, for the purpose and with the effect of concealing the improper option backdating, disseminated to shareholders and filed with the SEC annual proxy statements that falsely reported the dates of stock option grants to the Officer Defendants, and failed to disclose that during at least 1996-1998, stock options were improperly backdated.

**THE INDIVIDUAL DEFENDANTS' BREACHES OF FIDUCIARY DUTIES**

24.     The Individual Defendants breached their fiduciary duties by:

    a.     colluding with the Compensation Committee to backdate stock option grants;

    b.     colluding with the Audit Committee to violate GAAP;

    c.     producing and disseminating to Citrix shareholders and the market false financial statements that improperly recorded and accounted for the backdated option grants and concealed the improper backdating of stock options; and

    d.     filing false proxy statements and false financial statements in order to conceal the improper backdating of stock options.

25.     The Individual Defendants' foregoing misconduct was not, and could not have been, an exercise of good faith business judgment.  Rather, it was intended to, and did, unduly benefit themselves at the expense of the Company.

26.     As a direct and proximate result of the Individual Defendants' foregoing breaches of fiduciary duties, the Company has sustained significant damages, including, but not limited to, the additional compensation expenses and tax liabilities the Company was required to incur and loss of funds paid to the Company upon exercise of options.

## DERIVATIVE AND DEMAND EXCUSED ALLEGATIONS

27.     Plaintiff brings this action derivatively in the right and for the benefit of the Company to redress defendants' breaches of fiduciary duties and unjust enrichment.

28.     Plaintiff is an owner of Citrix common stock and were owners of Citrix common stock at all times relevant hereto.

29.     Plaintiff will adequately and fairly represent the interests of the Company and its shareholders in enforcing and prosecuting its rights.

30.     As a result of the facts set forth herein, plaintiff has not made any demand on the Citrix Board of Directors to institute this action against the Individual Defendants.  Such demand would be a futile and useless act because the Board is incapable of making an independent and disinterested decision to institute and vigorously prosecute this action.

31.     The Board currently consists of twelve directors: Mark B. Templeton, John C. Burris, Brett M. Caine, David R. Friedman, David J. Henshall, Stefan Sjostrom, Thomas F. Bogan, Murray J. Demo, Stephen M. Dow, Gary E. Morin, Godfrey R. Sullivan, and John W. White.  The following directors are incapable of independently and disinterestedly considering a demand to commence and vigorously prosecute this action:

> a. Templeton because he is directly interested in the improperly backdated stock option grants complained of herein;
>
> b. Compton, Dow, White, Bogan and Sullivan, because as members of the Compensation Committee they are substantially likely to be held liable for breaching their fiduciary duties by improperly backdating stock option grants, as the investigation progresses

32.     Furthermore, demand is excused because the misconduct complained of herein was not, and could not have been, an exercise of good faith business judgment.

## COUNT I

## VIOLATIONS OF § 14(a) OF THE EXCHANGE ACT AGAINST ALL DEFENDANTS

5.     Plaintiff incorporatew by reference and realleges each and every allegation set forth above, as though fully set forth herein.

33.     Rule 14a-9, promulgated pursuant to §14(a) of the Exchange Act, provides that no proxy statement shall contain "any statement which, at the time an in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to

11

state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. §240.14a-9. Specifically, the Proxy statements during the relevant period violated §14(a) and Rule 14a-9 because they omitted material facts, including the fact that Defendants were causing the Company to engage in an option backdating scheme, a fact which Defendants were aware of and participated in. The Proxy Statements during the relevant period indicated that "the exercise price for each option is the fair market value per share of Common Stock on the date of the grant."

34.     In the exercise of reasonable care, Defendants should have known that the Proxy Statements were materially false and misleading.

35.     The misrepresentations and omissions in the Proxy Statements were material to Plaintiff in voting on each Proxy Statement. The Proxy Statements were an essential link in the accomplishment of the continuation of Defendants' unlawful stock option backdating scheme, as revelations of the truth would have immediately thwarted a continuation of shareholders' endorsement of the directors' positions, the executive officers' compensation, and the Company's compensation policies.

36.     The Company was damaged as a result of the material misrepresentations and omissions in the Proxy Statements.

## COUNT II

### AGAINST THE INDIVIDUAL DEFENDANTS
### FOR BREACH OF FIDUCIARY DUTY

6.     Plaintiff incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

37.     As alleged in detail herein, each of the Individual Defendants had a fiduciary duty to refrain from unduly benefiting themselves and other Company insiders at the expense of the Company.

38.     As alleged in detail herein, the Individual Defendants breached their fiduciary duties by:

        a.     colluding to backdate stock option grants;

        b.     colluding to violate GAAP;

        c.     producing and disseminating to Citrix shareholders and the market false financial statements that improperly recorded and accounted for the backdated option grants and concealed the improper backdating of stock options; and

        d.     filing false proxy statements and false financial statements in order to conceal the improper backdating of stock options.

39.     The Individual Defendants' foregoing misconduct was not, and could not have been, an exercise of good faith business judgment.  Rather, it was intended to, and did, unduly benefit themselves at the expense of the Company.

40.     As a direct and proximate result of the Individual Defendants' foregoing breaches of fiduciary duties, the Company has sustained millions of dollars in damages, including, but not limited to, the additional compensation expenses and tax liabilities the Company was required to incur and loss of funds paid to the Company upon exercise of options.

## COUNT III

### AGAINST DEFENDANTS IACOBUCCI AND ROBERTS
### FOR UNJUST ENRICHMENT

7.     Plaintiff incorporates by reference all preceding and subsequent paragraphs as if set forth fully herein.

13

41.     Defendants Iacobucci and Roberts were unjustly enriched by their receipt and retention of backdated stock option grants, as alleged herein, and it would be unconscionable to allow them to retain the benefits thereof.

42.     To remedy this unjust enrichment, the Court should order them to disgorge to the Company all of the backdated stock options they received, including the proceeds of any such options that have been exercised, sold, pledged, or otherwise monetized.

### COUNT IV

### ACCOUNTING

8.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

9.     At all relevant times, the Individual Defendants, as directors and/or officers of Citrix, owed the Company and its shareholders fiduciary duties of good faith, care, candor and loyalty.

10.     In breach of their fiduciary duties owed to Citrix and its shareholders, the Defendants caused Citrix to grant backdated stock options to themselves and/or certain other officers and directors of Citrix.

11.     The Defendants possess complete control over their improperly issued stock option grants and the books and records of the Company concerning the details of such improperly backdated stock option grants to the Defendants.

12.     As a result of Defendants' misconduct, Citrix has been substantially injured and damaged financially and is entitled to a recovery as a result thereof, including the proceeds of those improperly granted options which have been exercised and sold.

14

13.     Plaintiffs demand an accounting be made of all stock options grants made to defendants and all other Citrix directors, including without limitation, the dates of the grants, the amounts of the grants, the value of the grants, the recipients of the grants, the exercise date of stock options granted to the Defendants and Citrix directors, as well as the disposition of any proceeds received by the Defendants and Citrix directors via sale or other exercise of backdated stock option grants received by the Defendants.

## COUNT V

### ABUSE OF CONTROL AGAINST ALL DEFENDANTS

14.     Plaintiff incorporates by reference and realleges each and every allegation set forth above as though fully set forth herein.

15.     The Defendants employed the alleged scheme for the purpose of maintaining and entrenching themselves in their positions of power, prestige, and profit at, and control over, Jabil, and to continue to receive the substantial benefits and salaries associated with their positions at Jabil.

16.     Defendants' conduct constituted an abuse of their ability to control and influence Jabil.

17.     By reason of the foregoing, Citrix has been damaged

## COUNT VI

### GROSS MISMANAGEMENT AGAINST ALL DEFENDANTS

18.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

19.     Defendants had a duty to Citrix and its shareholders to prudently supervise,

15

manage and control the operations, business and internal financial accounting and disclosure controls of Citrix.

20.     Defendants, by their actions and be engaging in the wrongdoing described herein, abandoned and abdicated their responsibilities and duties with regard to prudently managing the business of Citrix in a manner consistent with the duties imposed upon them by law.   By committing the misconduct alleged herein, Defendants breached their duties of due care, diligence, and candor in the management and administration of Citrix's affairs and in the use and preservation of Citrix's assets.

21.     During the course of the discharge of their duties, Defendants knew or recklessly disregarded the unreasonable risks and losses associated with their misconduct, yet Defendants caused Citrix to engage in the scheme complained of herein which they knew had an unreasonable risk of damage to Citrix, thus breaching their duties to the Company.  As a result, Defendants grossly mismanaged Citrix.

22.     By reason of the foregoing, Citrix has been damaged.

## COUNT VII

## CONSTRUCTIVE FRAUD AGAINST ALL DEFENDANTS

23.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

24.     As corporate fiduciaries, Defendants owed Citrix and its shareholders a duty of candor and full accurate disclosure regarding the true state of Citrix's business and assets and their conduct with regard thereto.

25.     As a result of the conduct complained of, Defendants made, or aided and abetted

16

the making of, numerous misrepresentations to and/or concealed material facts from Citrix's shareholders despite their duties to disclose the true facts regarding their stewardship of Jabil. Thus they have committed constructive fraud and violated their duty of candor.

26.     By reason of the foregoing, Citrix has been damaged.

## COUNT VIII

## CORPORATE WASTE AGAINST ALL DEFENDANTS

27.     Plaintiff incorporates by reference and realleges each and every allegation set forth above, as though fully set forth herein.

28.     By failing to properly consider the interests of the Company and its public shareholders, by failing to conduct proper supervision, and by giving away millions of dollars to Defendants via the options backdating scheme, Defendants have caused Citrix to waste valuable corporate assets.

29.     As a result of Defendants' corporate waste, they are liable to the Company.

## COUNT IX

## AGAINST  DEFENDANTS IACO BUCCI AND ROBERTS FOR RECISSION

30.     Plaintiff incorporates by reference and realleges each and every allegation contained above as though fully set forth herein.

31.     As a result of the acts alleged herein, the stock option contracts between Defendants Iacobucci and Roberts and Citrix entered into during the relevant period were obtained through Defendants' fraud, deceit, and abuse of control.  Further, the backdated stock options were illegal grants and thus invalid as they were not authorized in accordance with the terms of the publicly filed contracts regarding the Iacobucci and Roberts' employment

agreements and the Company's stock option plan which was also approved by Citrix shareholders and filed with the SEC.

32.   All contracts which provide for stock option grants between Iacobucci and Roberts and Citrix and were entered into during the relevant period should, therefore, be rescinded, with all sums paid under such contracts returned to the Company, and all such executory contracts cancelled and declared void.

WHEREFORE, Plaintiff demands judgment as follows:

(a)   Against all of the Individual Defendants and in favor of the Company for the amount of damages sustained by the Company as a result of the Individual Defendants' breaches of fiduciary duties;

(b)   Ordering certain Defendants to disgorge to the Company all of the backdated stock options they received, including the proceeds of any such options that have been exercised, sold, pledged, or otherwise monetized;

(c)   Granting appropriate equitable relief to remedy Defendants' breaches of fiduciary duties;

(d)   Awarding to plaintiffs the costs and disbursements of the action, including reasonable attorneys' fees, accountants' and experts' fees, costs, and expenses; and any other relief the Court deems proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial.

Dated March 6, 2007

Respectfully submitted,

**SAXENA WHITE, P.A.**

By: _Maya Saxena_

Maya S. Saxena
Fla. Bar No. 0095494
msaxena@saxenawhite.com
Joseph E. White III
Fla. Bar No. 621064
jwhite@saxenawhite.com
Christopher S. Jones
Fla. Bar No. 0306230
2424 North Federal Highway,
Suite 257
Boca Raton, FL 33431
Tel.: 561-394-3399
Fax: 561-394-3382

19

## CITRIX SYSTEMS INCORPORATED VERIFICATION

I, _Riccardo Iaccarino_, general counsel to Sheet Metal Workers Local 28

hereby verify under the penalty of perjury that I am familiar with the allegations in the

Complaint, and that I have authorized the filing of the Complaint, and that the foregoing

is true and correct to the best of my knowledge, information and belief.

Date: ___3/5/07___

℀JS 44   (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS
Sheet Metal Workers Local 28 Pension Fund et al

**CIV-MARRA**

**DEFENDANTS**
Roberts, Roger, W.

**MAGISTRATE JUDGE JOHNSON**

**(b)** County of Residence of First Listed Plaintiff  Nassau
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Broward
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Saxena White P.A.
2424 N. Federal Highway; Suite 257; Boca Raton, FL 33431
561 394 3399

Attorneys (If Known)

**07-60316**

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

0:07 CV 60316- KAM- Johnson

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☑ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO      b) Related Cases ☐ YES ☑ NO
JUDGE                                 DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 78n(a). Breach of fiduciary duty.

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☑ Yes  ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE  3/6/07

FOR OFFICE USE ONLY
AMOUNT 350   RECEIPT # 539640